IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Junior Alvarado,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Laura Escapule, et al.,<br><br>　　　　　Respondents. | No. CV-13-2190-PHX-SPL (DKD)<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, U. S. DISTRICT JUDGE:

Peter Junior Alvarado filed a petition for writ of habeas corpus on October 28, 2013, challenging his convictions in Maricopa County Superior Court for three felonies arising out of the murder of Gilbert Huizar. His petition raises arguments about alleged errors by the prosecution, his trial counsel, and the court system. As explained below, the Court recommends that Alvarado's petition be denied and dismissed with prejudice.

## BACKGROUND

On September 21, 2007, at the conclusion of a 12-day trial in the Maricopa County Superior Court, a jury found Alvarado guilty of first-degree murder, burglary in the first degree, and aggravated assault.[1] (Doc. 15, Ex. C) On December 14, 2007, the court sentenced Alvarado to natural life for first degree murder, and presumptive, concurrent sentences of 10.5 years for burglary in the first degree and 7.5 years for aggravated assault. (Doc. 15, Ex. D)

---

[1] Alvarado's first trial ended in a mistrial. (Doc. 15, Ex. B)

1  Alvarado timely appealed; his counsel found no arguable issues of law and filed a
2  brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). (Doc. 15, Ex. E)
3  Alvarado filed a supplemental *pro per* brief arguing that he did not receive a fair or just
4  trial because of insufficient evidence, prosecutorial misconduct, ineffective assistance of
5  counsel, juror bias, the State's failure to seek a lesser included charge, the Court's
6  evidentiary rulings, and because trial witnesses allegedly testified under the influence of
7  "crystal." (Doc. 15, Ex. G) On September 24, 2009, the Court of Appeals filed its
8  memorandum decision affirming Alvarado's convictions and sentences. (Doc. 15, Ex. H)
9  Alvarado did not move for reconsideration and he did not petition the Arizona Supreme
10 Court for review. (Doc. 15, Ex. I)

11  On October 20, 2009, Alvarado filed a Notice of Post-Conviction Relief and he
12 was appointed counsel. (Doc. 15, Ex. J) On June 24, 2010, Alvarado's counsel notified
13 the Court that he was unable to raise any viable issues and would not file a Petition.
14 (Doc. 15, Ex. K) Alvarado filed a *pro per* Petition for Post-Conviction Relief on October
15 31, 2011, and a Supplemental Petition on November 7, 2011. (Doc. 15, Exs. L, M)
16 Alvarado raised several arguments in these petitions, including ineffective assistance of
17 counsel; he did not allege actual innocence. (*Id*.) The State responded. (Doc. 15, Ex. N)
18 On April 10, 2012, the Superior Court summarily dismissed his petition after finding that
19 Alvarado had not raised any colorable claims for ineffective assistance of counsel under
20 either prong of *Strickland v. Washington*, 466 U.S. 668, (1984). (Doc. 15, Ex. O) On
21 May 11, 2012, Alvarado moved for reconsideration and, on August 1, 2012, the Superior
22 Court denied his request without comment or explanation. (Doc. 15, Exs. P, Q)

23  On September 28, 2012, Alvarado petitioned the Arizona Court of Appeals for
24 review from the Superior Court's denial of his Petition. (Doc. 15, Ex. R) On October 4,
25 2012, the Court of Appeals denied his petition as untimely under Arizona Rule of
26 Criminal Procedure 32.9(c). (Doc. 15, Ex. S) On April 15, 2013, Alvarado filed a
27 special action in the Arizona Supreme Court which was dismissed on June 11, 2013.
28 (Doc. 15, Exs. T, U) On June 24, 2013, and again on July 15, 2013, Alvarado moved for

reconsideration and on August 5, 2013, the Supreme Court denied his motion.  (Doc. 15, Exs. V, W, X)

On October 28, 2013, Alvarado filed a Petition for Writ of Habeas Corpus in this Court.  (Doc. 1)  His Petition raises claims of prosecutorial misconduct, insufficient evidence, ineffective assistance of counsel, and erroneous evidentiary rulings.  (Doc. 1 at 12).  Respondents contend that his Petition is untimely and that he is not entitled to equitable tolling.  (Doc. 15)  The Court agrees and recommends that this Petition be denied and dismissed with prejudice.

**Alvarado's Petition is Untimely.**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts.  28 U.S.C. § 2244(d)(2).

The Arizona Court of Appeals affirmed Alvarado's convictions and sentences on September 24, 2009.  Alvarado did not move for reconsideration and he did not petition the Arizona Supreme Court for review.  Thus, Alvarado's conviction became final on November 2, 2009, the expiration of his time period to petition the Arizona Supreme Court for review of his direct appeal. *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) ("direct appeal [i]s final upon the expiration of the time for seeking review of the Court of Appeals decision in the Arizona Supreme Court"); *State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978).

Alvarado timely filed a Notice for post-conviction relief which tolled his period of limitations under Section 2244(d)(2).  *Isley v. Ariz. Dept. of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona post-conviction rules demonstrate that the proceedings begin with the filing of the Notice.")  However, after

1  the Superior Court dismissed his Petition for post-conviction relief on April 10, 2012,
2  Alvarado failed to timely pursue his claims.  Alvarado either had 15 days to move for a
3  rehearing under Arizona Rule of Criminal Procedure 32.9(a) or 30 days to petition the
4  Arizona Court of Appeals for review under Arizona Rule of Criminal Procedure 32.9(c).
5  He both moved for rehearing and petitioned for review but he did neither within the
6  timeframes required by Rule 32.  Assuming that Arizona Rule of Criminal Procedure 1.3
7  would apply to both deadlines, Alvarado needed to move for rehearing by April 30, 2012,
8  and petition for review by May 15, 2012.  When he failed to comply with either timing
9  requirement, his one year limitations bar began to run.  Subsequently, he only filed
10 untimely motions and a special action; none of these are "properly filed" within the
11 meaning of Section 2244(d)(2) and, thus, none of these tolled the one year limitations
12 bar.  *Hemmerle*, 495 F.3d at 1072-73.  Accordingly, his Petition in this Court, filed on
13 October 28, 2013, was untimely.[2]

14 **Alvarado is Not Entitled to Equitable Tolling.**

15        Alvarado's Petition is untimely unless he can show that he is entitled to equitable
16 tolling.  To make such a showing, Alvarado must demonstrate both that he pursued his
17 rights diligently and that some extraordinary circumstance prevented him from filing his
18 petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).

19        In his Reply brief, Alvarado claims that the one year statute of limitations was not
20 triggered in his case because "the appeal process failed to comport with the demands of
21 Due Process and Equal Protection of the law as well as the right to effective assistance of
22 counsel."  (Doc. 17 at 4)  This argument is unavailing.  Not only does Alvarado fail to
23 explain how he diligently pursued his rights and what extraordinary circumstances
24 prevented a timely petition, but the Court of Appeals reviewed his claims on direct appeal

---

[2] Petitioner's habeas petition in this Court is untimely even assuming, as Respondents do, that his limitations bar began to run after the August 1, 2012 denial by the Superior Court of Alvarado's request for reconsideration of dismissal of his Rule 32 petition.  Using the August 1, 2012 date would mean that, at the latest, Alvarado's limitations bar would start to run on September 5, 2012.  Ariz. R. Crim. P. 1.3(a), 31.19.  Thus, under this analysis, he would have had to file a petition in this court by September 5, 2013.  He did not.

and the Superior Court reviewed his post-conviction claims in Rule 32 proceedings. Accordingly, Alvarado has not met his burden of demonstrating that he is entitled to equitable relief.

**IT IS THEREFORE RECOMMENDED** that Peter Junior Alvarado's petition for writ of habeas corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 13th day of April, 2015.

_____
David K. Duncan
United States Magistrate Judge