IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Junior Alvarado,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-13-02190-PHX-SPL (DKD)<br><br>**ORDER** |

  Petitioner Peter Junior Alvarado, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Honorable David K. Duncan, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 20), recommending that the petition be denied. Petitioner has objected to the R&R. (Doc. 21.) For the following reasons, the Court accepts and adopts the R&R, and denies the petition.

**I. Background**

  Following a jury trial in the Maricopa County Superior Court, Case No. 2005-118538, Petitioner was found guilty of first-degree murder, burglary in the first degree, and aggravated assault. (Doc. 15-1, Exh. C.)[1] On December 14, 2007, Petitioner was sentenced to concurrent terms of natural life for first degree murder, 10.5 years for burglary in the first degree, and 7.5 years for aggravated assault. (Doc. 15-1, Exh. D.)

---

[1] The Court assumes the parties' familiarity with underlying facts of conviction which, for the reasons below, need not be reached on habeas review.

On October 28, 2013, Petitioner filed the instant Petition for Writ of Habeas Corpus raising four claims for relief. (Doc. 1.) Respondents filed a limited answer, in which they argue that the petition should be dismissed because the petition is untimely, and the claims are either not cognizable or procedurally defaulted. (Doc. 15.)

**II.     Standard of Review**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See id.;* Fed. R. Civ. P. 72(b)(3); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). However, a party is not entitled as of right to *de novo* review of evidence and arguments raised for the first time in an objection to the R&R, and whether the Court considers the new facts and arguments presented is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

**III.    Discussion**

Having reviewed the objected to recommendations *de novo*, the Court finds that the Magistrate Judge correctly concluded that Petitioner's claims are time-barred.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] 28 U.S.C. § 2244. The AEDPA imposes a 1-year statute of limitations in which "a person in custody pursuant to the judgment of a State court" can file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

**A.     Commencement of Limitations Period**

Here, the 1-year limitations period began to run when the time for seeking direct review expired. *See* 28 U.S.C. § 2244(d)(1)(A) (the 1-year limitations period runs from

---

[2] The AEDPA applies to federal habeas petitions filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). Following a timely direct appeal, the Arizona Court of Appeals issued its decision affirming Petitioner's convictions on September 24, 2009. Petitioner did not file a petition for review. Therefore, judgment became final on October 24, 2009, when the time for filing a petition for review by the Arizona Supreme Court expired. *See* Ariz. R. Crim. P. 31.19(a) ("Within 30 days after the Court of Appeals issues its decision, any party may file a petition for review with the clerk of the Supreme Court"); *White v. Klitzkie*, 281 F.3d 920, 924, fnt. 4 (9th Cir. 2002) ("it is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review"). It follows that, absent any tolling, the one-year limitations period would have commenced on October 25, 2009.

### B. Statutory Tolling of Limitations Period

Petitioner properly filed a notice of post-conviction relief on October 20, 2009. (Doc. 15-1, Exh. J.) Petitioner's post-conviction relief proceedings remained pending and statutorily tolled the limitations period until August 1, 2012, when the Superior Court summarily denied his motion for reconsideration of the denial of his post-conviction relief petition. (Doc. 15-1, Exhs. O, Q.) *See* 28 U.S.C. § 2244(d)(2) (one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). The limitations period therefore began to run the following day on August 2, 2012.

Petitioner objects to the R&R on the basis that the limitations period was statutorily tolled pending the Arizona Court of Appeal's denial of his subsequent petition for review. (Doc. 21 at 4-5.) The Arizona Court of Appeals however, dismissed the appeal as untimely. (Doc. 15-1, Exh. S.) Because Petitioner did not *timely* seek review, no application for post-conviction relief was pending following the Superior Court's denial on August 1, 2012, and the limitations period began to run again the following day on August 2, 2012. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006) (an application for state post-conviction review is "pending" during the period between a lower court's

adverse determination and the filing of a *timely* appeal); *Robinson v. Lewis*, 795 F.3d 926, 928-29 (9th Cir. 2015). Further, Petitioner's subsequent special action was not an application for state post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2), and did not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). Thus, unless equitable tolling or an exception applies, the one-year limitations period ran until it expired on August 2, 2013.

### C. Equitable Tolling of Limitations Period

The Court finds that the Magistrate Judge also correctly found that Petitioner is not entitled to equitable tolling of the limitations period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" his federal habeas petition (internal quotations omitted)).

First, Petitioner objects to the R&R on the basis that he is entitled to equitable tolling because he was pursuing his rights diligently in state court during that time. (Doc. 12 at 1.) This argument fails. Petitioner does not show that circumstances existed which prevented him from timely filing a federal habeas petition. He offers nothing to suggest that his failure to timely seek review in state court led to his ultimate failure to timely file a federal habeas petition. *See Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010). Absent an affirmative misstatement of law by a court, delays in court proceedings do not rise to the level of an extraordinary circumstance. *Cf. Ford v. Pliler*, 590 F.3d 782, 788–89 (9th Cir. 2009); *Ortiz v. Stewart*, 149 F.3d 923, 939, 941 (9th Cir. 1998).

Second, Petitioner argues that he received ineffective assistance of counsel and is therefore entitled to equitable tolling pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The *equitable* rule in *Martinez* "applies only to the issue of cause to excuse the procedural default of an ineffective assistance of …counsel claim that occurred in a state collateral proceeding" and "has no application to the operation or tolling of the § 2244(d) statute of limitations" for filing federal habeas petitions. *Chavez v. Sec'y, Fla. Dep't of*

*Corr.*, 742 F.3d 940, 943 (11th Cir. 2014) (citing *Arthur v. Thomas*, 739 F.3d 611, 629-631 (11th Cir. 2014)). *See Manning v. Epps,* 688 F.3d 177, 189 (5th Cir. 2012) (*Martinez* does not extend to the statute of limitations period under 28 U.S.C. § 2244(d)(1)(B)); *Madueno v. Ryan*, 2014 WL 2094189, at *7 (D. Ariz. May 20, 2014) ("*Martinez* has no application to the statute of limitations in the AEDPA which governs Petitioner's filing in federal court").

Third, Petitioner argues that he is entitled to equitable tolling due to his inability to timely obtain copies of his legal documents from and make appointments with the prison paralegal. True, in certain circumstances, a lack of access to legal resources or legal records may rise to the type of extraordinary circumstance that warrants equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 1001-02 (9th Cir. 2009) (the petitioner "may be entitled to equitable tolling during the period he was without his legal materials if the deprivation of his legal materials made it impossible for him to file a timely § 2254 petition in federal court"); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (finding that unavailability of a copy of the AEDPA in a prison law library could be grounds for equitable tolling). However, this is not one of those instances. Petitioner does not allege that he was prevented from obtaining his legal files, or that the deprivation of his legal materials impeded his ability to timely file federal habeas petition. Rather, his complaints are generalized, and the fact that Petitioner filed a lengthy special petition in state court during the limitations period (Doc. 15-1 Exh. T) indicates that his access to legal materials or lack of assistance did not prevent him from filing a timely federal habeas petition.

Lastly, Petitioner argues that the limitations period should be equitably tolled because mail delivery at the prison has been rerouted and he does not receive his mail on time. (Doc. 21 at 6.) He fails to explain, however, how delayed receipt of mail or notification made it impossible for him to timely file a federal habeas petition prior to the expiration of the limitations period in October 2013. *See Ramirez v. Yates*, 571 F.3d 993, 997-98 (9th Cir. 2009).

Therefore, because the instant habeas petition was filed more than two months after the limitations period expired, his claims are untimely.

### D.  Exception to the Limitations Period

Petitioner does not argue, nor does the record show, that the "fundamental miscarriage of justice exception" is applicable and compels review of his time-barred claims. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) ("an actual-innocence gateway claim" may serve as an exception to AEDPA's limitations period) (adopting *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995)).

### IV.  Conclusion

Having reviewed the record as a whole, Petitioner's federal habeas claims are time-barred and his objections are without merit. The R&R will therefore be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 20) is **accepted** and **adopted** by the Court;

2. That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**;

3. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

4. That the Clerk of Court shall **terminate** this action.

Dated this 29th day of July, 2016.

Honorable Steven P. Logan
United States District Judge